UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF THE STATE OF WASHINGTON

| | |
|---|---|
| TINA STOCKMOE, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KITSAP MENTAL HEALTH SERVICES, a Washington public benefit nonprofit corporation,<br><br>　　　　　　　Defendant. | **CASE NO.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND** |

## I.   PARTIES, JURISDICTION AND VENUE

1.1   Plaintiff, Tina Stockmoe ("Ms. Stockmoe"), is an individual residing in Kitsap County, Washington.

COMPLAINT – Page 1
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

1.2     Defendant Kitsap Mental Health Services ("KMHS", "Employer" or "Company") is a Washington public benefit nonprofit corporation with its principal place of business in Kitsap County, Washington.

1.3     This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1331 as the claims under the Equal Pay Act involve a federal question, and this Court has ancillary jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

1.4     Venue is proper in the United States District Court for the Western District of the State of Washington pursuant to 28 U.S.C. §1391(b)(1) and (2).

## II.     FACTUAL ALLEGATIONS

2.1     Ms. Stockmoe is a black woman.

2.2     KMHS hired Ms. Stockmoe as a custodian on or about April 26, 2018.

2.3     In setting initial wages, KMHS saw "one job listed on your application and that is what we used to calculate starting wages."

2.4     KMHS pays Ms. Stockmoe the Washington State made minimum wage, currently $13.50 per hour.

2.5     For over a year, Ms. Stockmoe has requested that KMHS increase her wage rate.

2.6     Ms. Stockmoe's supervisor, Jeanie Fliege, supported Ms. Stockmoe's efforts to get a wage increase, but her efforts were not successful.

2.7     On June 19, 2020, KMHS Chief Operating Officer Megan Kelly sent an email to all staff entitled "We Are Listening" which in part provided that the company would "**Review salaries of our black and brown employees to determine if there is implicit biases in our**

COMPLAINT – Page 2
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

**compensation structure."** The email designated human resources with the task of conducting the review.

2.8  Ms. Stockmoe did not receive a copy of the email. Instead, Ms. Stockmoe first saw it after a co-worker asked Ms. Stockmoe what she thought about the "brown and blacks" reference in the email.

2.9  Ms. Stockmoe has not received any report of a completed salary or compensation review and has received no increase to her compensation of any kind.

2.10  KMHS hired a white male to perform the same work and is paying that employee a higher rate of compensation.

2.11  Upon information and belief, a white co-worker requested a raise from Facilities Manager Pylo Lopez. The co-worker was directed to speak with KMHS Senior Human Resources Analyst Bryan Moore but not to tell Ms. Stockmoe.

2.12  On September 10, 2020, Ms. Stockmoe raised her complaint of pay discrimination with KMHS Chief Human Resources Officer, Tracy Clarke, pointing out that she was being paid less than a male employee for the same work and raising the issue of discrimination based on race.

2.13  Ms. Clarke responded by indicating that the Company-wide review was nearly complete, but did not otherwise respond to Ms. Stockmoe's complaints of pay discrimination based on sex and race, and indicated no intention to investigate or review the complaint or Ms. Stockmoe's actual work experience upon which her initial wage rate was allegedly based.

2.14  Likewise, Chief Executive Officer Joe Roszak in responding to Ms. Stockmoe's claims of pay discrimination referenced a report out on the "organizational compensation work that is underway," but did not direct human resources to conduct any investigation of Ms. Stockmoe's complaint of pay discrimination.

COMPLAINT – Page 3
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

2.15    The next day, on September 11, 2020, Mr. Roszak shared "KMHS anti-racism and anti-discrimination pledge" with its employees.  The pledge reads as follows:  "KMHS acknowledges that racism and discrimination of any kind undermines mental health and the health of individuals, families and communities.  We pledge to work against individual, interpersonal and institutional racism and discrimination in all of its many forms.  Black Lives Matter.  The Lives of People of Color Matter.  Your Life Matters."

2.16    Despite this pledge, KMHS continues to do nothing to address Ms. Stockdale's issues of pay discrimination.

2.17    KMHS is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(B).

2.18    During Ms. Stockmoe's employment with KMHS, KMHS paid Ms. Stockmoe less than male employees for equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

2.19    During Ms. Stockmoe's employment with KMHS, KMHS discriminated against Ms. Stockmoe in providing compensation based on gender between similarly situated employees, in violation of the Washington Equal Pay and Opportunities Act, RCW 49.58.020 and the Washington Law Against Discrimination, RCW 49.60.180.

2.20    During Ms. Stockmoe's employment with KMHS, KMHS discriminated against Ms. Stockmoe in providing compensation based on race between similarly situated employees, in violation of the Washington Law Against Discrimination, RCW 49.60.180.

2.21    Defendant's violations of the law are willful and ongoing.

COMPLAINT – Page 4
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.22   As a result of Defendant's violations, Ms. Stockmoe has been damaged in an amount to be proven at trial.

### III.   FIRST CAUSE OF ACTION
### Sex Discrimination in Compensation
### Violation of the Equal Pay Act
### 29 U.S.C. § 206(d)

3.1   Plaintiff realleges paragraphs 1.1 through 2.22 as though fully set forth herein.

3.2   Defendant's actions and omissions constitute violations of the Equal Pay Act ("EPA"), 29 U.S.C. 206(d).

3.3   As a result of Defendant's violation of the law, Plaintiff has been damaged in an amount to be proven at trial.

### IV.   SECOND CAUSE OF ACTION
### Wage Discrimination Due to Gender
### Violation of the Washington Equal Pay and Opportunities Act
### RCW 49.58

4.1   Plaintiff realleges paragraphs 1.1 through 3.3 as though fully set forth herein.

4.2   Defendant's actions and omissions constitute violations of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.

4.3   As a result of Defendant's violation of the law, Plaintiff has been damaged in an amount to be proven at trial.

COMPLAINT – Page 5
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

## V.   THIRD CAUSE OF ACTION
### Discrimination In Compensation Because Of Sex
### Violation of the Washington Law Against Discrimination
### RCW 49.60.180(3)

5.1   Plaintiff realleges paragraphs 1.1 through 4.3 as though fully set forth herein.

5.2   Defendant's actions and/or omissions constitute violations of the Washington Wage Law Against Discrimination (WLAD), RCW 49.60.180(3)

5.3   As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

## VI.   FOURTH CAUSE OF ACTION
### Discrimination In Compensation Because Of Race
### Violation of the Washington Law Against Discrimination
### RCW 49.60.180(3)

6.1   Plaintiff realleges paragraphs 1.1 through 5.3 as though fully set forth herein.

6.2   Defendant's actions and/or omissions constitute violations of the WLAD, RCW 49.60.180(3)

6.3   As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues.

COMPLAINT – Page 6
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court grant the following relief as against Defendant:

1. An order declaring that KMHS has violated the EPA, the EPOA and the WLAD by paying Ms. Stockmoe less than similarly situated employees due to discrimination based on sex, gender and race;

2. An order granting Plaintiff full compensation for all violations of the law;

3. An award of liquidated damages in an amount to be proven at trial pursuant to 29 U.S.C. § 216(b);

4. An award of statutory damages pursuant to RCW 49.58.070;

5. An award of double damages pursuant to RCW 49.52.070;

6. An award of attorney's fees and costs in an amount to be proven at trial pursuant to 29 U.S.C. § 216, RCW 49.58.070, RCW 49.60.030, and/or RCW 49.52.070;

7. Pre-judgment and post-judgment interest; and

8. Such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 19th day of September, 2020.

VANGUARD LAW, LLC

By: */s/ Spencer Nathan Thal*
Spencer Nathan Thal, WSBA # 20074
Zachariah Thal, WSBA # 55462
Vanguard Law, LLC
PO Box 939
Poulsbo WA  98370
Phone:  (206) 818-2499
spencer@vanguardlawfirm.com
zach@vanguardlawfirm.com

*Attorneys for Plaintiff*

COMPLAINT – Page 7
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344